IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRISS MCELDRIDGE CLAY,

        Plaintiff,

vs.                             Case No. 19-3245-SAC

DAVID HYDRO,
LANSING CORRECTIONAL FACILITY, and
KANSAS DEPARTMENT OF CORRECTIONS,

        Defendants.

**O R D E R**

Plaintiff, <u>pro se</u>, has filed this action alleging that he was the victim of rough treatment in violation of his constitutional rights. Plaintiff is incarcerated by the Kansas Department of Corrections. He brings this case pursuant to 42 U.S.C. § 1983.[1]

This case is before the court to consider certain motions filed by plaintiff and to consider plaintiff's failure to pay the partial filing fee.

<u>Failure to pay partial filing fee</u>

On December 3, 2019, plaintiff was assessed an initial partial filing fee of $1.50 and given fourteen (14) days from the receipt

---

[1] Plaintiff also refers to state criminal statutes which he claims were violated. This court, however, does not have jurisdiction to hear a state law criminal prosecution and the violation of state criminal statutes is not grounds for relief in a civil action brought under § 1983. <u>Perry v. Pringle</u>, 2014 WL 129391 *2 (D.Kan. 1/14/2014); <u>Rader v. Masterson</u>, 2013 WL 1151275 *4 (D.Kan. 3/19/2013).

1

of the court's order to pay.[2] Plaintiff has not made that payment as of this time. Plaintiff is directed to make payment of the $1.50 partial fee by May 1, 2020. As the court has previously warned, failure to pay the fee may result in the dismissal of this matter without further notice.

### KDOC and LCF shall be dismissed as parties

Plaintiff has named the Lansing Correctional Facility (LCF) and the Kansas Department of Corrections (KDOC) as defendants in this case.[3] These are departments or sub-departments of the State of Kansas. Suing LCF or KDOC is the same as suing the State of Kansas which has Eleventh Amendment immunity from damages liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71 (1989). The State's immunity applies to agencies like the Kansas Department of Corrections. Franklin v. Kansas Dept. of Corrections, 160 Fed.Appx. 730, 734 (10th Cir. 12/23/2005); Blaurock v. Kansas Dept. of Corrections, 2011 WL 4001081 *2 (D.Kan. 9/8/2011). Therefore, KDOC and LCF shall be dismissed as defendants.

### Plaintiff's motion to amend shall be denied

Plaintiff has filed a motion to amend (Doc. No. 14) seeking to add as defendants the Warden of LCF, Shannon Meyer, and the Secretary of KDOC, Douglas Burris. The motion to amend shall be

---

[2] Plaintiff remains obligated to pay the remainder of the $350.00 filing fee.
[3] Plaintiff also names David Hydro as a defendant. The court shall not address the claims against Hydro in this order.

denied because plaintiff does not allege plausible grounds for finding that Meyer or Burris were responsible for causing plaintiff's injuries. In § 1983 cases, "personal participation [by defendants] in the specific constitutional violation complained of is essential." Henry v. Storey, 658 F.3d 1235, 1241 (10th Cir. 2011); see also Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008). A defendant's supervisory status is not sufficient by itself to generate liability. Porro v. Barnes, 624 F.3d 1322, 1327 (10th Cir. 2010). Plaintiff's motion alludes to Meyer and Burris directing parties that handle administrative remedies. This does not describe in sufficient detail a plausible claim against Meyer and Burris for a violation of plaintiff's constitutional rights. Even if Meyer or Burris denied a grievance filed by plaintiff, which is not specifically alleged here, it would be insufficient to state a claim against them under § 1983. See Phillips v. Tiona, 508 Fed.Appx. 737, 744 (10th Cir. 2013); Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir.2009).

Plaintiff's motion for transfer shall be denied.

Plaintiff has filed a motion for a transfer to a different institution because of retaliation. Doc. No. 9. It appears that plaintiff has been transferred to a different institution since he filed the motion. Therefore, the motion shall be denied as moot.

## Motions for discovery are denied without prejudice

In Doc. No. 8, plaintiff appears to request discovery in a group of motions. The relief shall be denied without prejudice. Discovery may be conducted later in these proceedings.

## Appointment of counsel is denied without prejudice

Plaintiff asks for appointment of counsel in Doc. No. 4. When deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)). The court understands that plaintiff may face some obstacles in presenting the facts and law concerning his case. But, this is a relatively simple case and, at this point in time, the court is not convinced that appointment of counsel is warranted. Considering all of the circumstances, including that the merits of the case are uncertain, the court shall deny plaintiff's motion for appointment of counsel without prejudice to plaintiff renewing his request at a later point in this litigation.

Request for status report

In Doc. No. 15, plaintiff asked the court for a status report and information regarding payment of the partial fee. The court believes that information has been supplied in this order.

Conclusion

The motion to amend (Doc. No. 14) and the motion for a transfer order (Doc. No. 9) are denied. The motion for discovery (Doc. No. 8) and the motion for appointment of counsel (Doc. No. 4) are denied without prejudice. KDOC and LCF are dismissed as parties. Plaintiff is directed to make payment of the $1.50 partial fee by May 1, 2020. As the court has previously warned, failure to pay the fee may result in the dismissal of this matter without further notice.

**IT IS SO ORDERED.**

Dated this 1st day of April, 2020, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge