IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRISS MCELDRIDGE CLAY,

    Plaintiff,

    v.

DAVID HYDRO,

    Defendant.

Case No. 19-3245-DDC-ADM

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant David Hydro's ("Hydro") Motion to Stay Discovery and Related Rule 26 Activities. (ECF No. 33.) For the reasons discussed below, the court grants the motion and stays discovery and all Rule 26 proceedings until the district judge rules on Hydro's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 28).

**I.   BACKGROUND**

Pro se incarcerated plaintiff Criss McEldridge Clay's complaint alleges that defendant David Hydro,[1] a correctional officer employed by the state of Kansas, used excessive force against him in violation of his constitutional rights. Plaintiff brings this case pursuant to 42 U.S.C. § 1983.[2]

On June 17, 2020, Hydro filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. (ECF No. 28.) Hydro argues that, to the extent plaintiff asserts claims against him in

---

[1] The court dismissed plaintiff's claims against Lansing Correctional Facility and the Kansas Department of Corrections. (ECF No. 16, at 2.)

[2] Plaintiff's complaint refers to state criminal statutes, but the court already determined that it "does not have jurisdiction to hear a state law criminal prosecution and the violation of state criminal statutes is not grounds for relief in a civil action brought under § 1983." (*Id.* at 1 n.1.)

1

his official capacity, those claims are barred by the Eleventh Amendment sovereign immunity. (ECF No. 29, at 8.)  Hydro also argues that plaintiff fails to state a claim against him in his individual capacity because plaintiff's allegations do not rise to the level of excessive force prohibited by the Eighth Amendment.  (*Id.* at 9-15.)  Finally, Hydro argues that he is entitled to qualified immunity because it would not have been clear to a reasonable correctional officer that his alleged use of force violated clearly-established law.  (*Id.* at 15-16.)

On June 18, Hydro filed the instant motion asking the court to stay "all discovery in this case and other related Rule 26 proceedings, including the obligation to provide initial disclosures, prepare the Report of the Parties' Planning Meeting, and attend a scheduling conference" pending the court's ruling on Hydro's pending dispositive motion.  (ECF No. 33, at 1.)  Hydro argues a stay is appropriate because a ruling on his dispositive motion is likely to conclude the case, discovery is not necessary to resolve the issues raised in his dispositive motion, and allowing discovery at this juncture would be "wasteful, burdensome and non-productive, both to the Court and to the parties."  (*Id.* at 4-5.)  Hydro contends that a stay is mandatory because he has raised immunity arguments.  (*Id.*)

## II.     DISCUSSION

This District's longstanding policy is not to stay discovery simply because a dispositive motion is pending.  *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).  A stay may be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Arnold v. City of Olathe,*

*Kan.*, No. 18-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019). Whether to grant a stay of discovery is committed to the trial court's sound discretion. *See id.* (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

Here, Hydro's pending dispositive motion raises the issues of both sovereign immunity and qualified immunity. Immunity from suit is a "broad protection" that grants government officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)) (discussing qualified immunity). A defendant is therefore generally entitled to have immunity questions resolved before being required to engage in discovery. *Arnold*, 2019 WL 2438677, at *2. Otherwise, a defendant who is entitled to immunity would be effectively deprived of its benefit. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (treating immunity as a threshold issue allows a court "to weed out suits . . . without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits").

The court finds that a stay of discovery is appropriate. Hydro's dispositive motion contends that he is entitled to sovereign and qualified immunity, and therefore the prudent course of action is to allow the district judge an opportunity to resolve these threshold issues before requiring Hydro to participate in discovery. Other factors also weigh in favor of a stay. Hydro's dispositive motion, if granted, will dispose of all of plaintiff's claims. Further, discovery is generally not necessary to counter an immunity claim at the motion-to-dismiss stage because a plaintiff may "rest[] on facts as alleged in the pleadings." *Arnold*, 2019 WL 2438677, at *3. The court will therefore stay discovery and related Rule 26 proceedings until the district judge rules on Hydro's dispositive

motion.³  *See McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *2 (D. Kan. Apr. 10, 2020) (staying all pretrial proceedings where the defendants raised immunity defenses in a dispositive motion, granting that motion would dispose of all claims, and discovery was not necessary to decide the motion).

**IT IS THEREFORE ORDERED** that defendant David Hydro's Motion to Stay Discovery and Related Rule 26 Activities (ECF No. 33) is granted.  Discovery and related Rule 26 proceedings, including the obligation to provide initial disclosures, prepare the Report of the Parties' Planning Meeting, and attend a scheduling conference, are stayed until the district judge rules on Hydro's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 28).

**IT IS SO ORDERED.**

Dated June 23, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

---

³ Hydro's conclusion in the instant motion requests that the court extend the stay through "the expiration of the time for appeal should [his dispositive motion] . . . be denied." (ECF No. 33, at 6.)  This request is set forth in conclusory fashion and is not otherwise addressed in Hydro's brief. It is therefore not properly before the court.  *See* D. KAN. RULE 7.1 & 7.6 (requiring civil motions to be accompanied by a brief that must include argument in support of the relief requested).