# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CRISS MCELDRIDGE CLAY,

    Plaintiff,

    v.

DAVID HYDRO,

    Defendant.

Case No. 19-3245-DDC-ADM

## REPORT AND RECOMMENDATION

This matter comes before the court on pro se incarcerated plaintiff Criss McEldridge Clay's ("Clay") second "Motion of Additions/Amended Complaint." (ECF No. 45.) For the reasons discussed below, the undersigned recommends that Clay's motion be denied because his proposed amendment, which seeks to add a due process claim and a claim based on an alleged violation of a Kansas Department of Corrections Internal Management Policy and Procedure, is futile. Further, to the extent that Clay seeks to clarify that he has named the defendant in his individual capacity, the proposed amendment is unnecessary.

## I.    BACKGROUND

Clay's complaint alleges that defendant David Hydro ("Hydro"),[1] a correctional officer employed by the state of Kansas, used excessive force against him in violation of his constitutional rights while Clay was incarcerated in Lansing Correctional Facility. Clay brings this case pursuant to 42 U.S.C. § 1983.[2] On June 17, 2020, Hydro filed a Motion to Dismiss, or in the Alternative,

---

[1] The court dismissed Clay's claims against Lansing Correctional Facility and the Kansas Department of Corrections. (ECF No. 16, at 2.)

[2] Clay's complaint refers to state criminal statutes, but the court already determined that it

1

for Summary Judgment. (ECF No. 28.) Hydro argues that, to the extent Clay asserts claims against him in his official capacity, those claims are barred by the Eleventh Amendment sovereign immunity. Hydro also argues that Clay fails to state a claim against him in his individual capacity because Clay's allegations do not rise to the level of excessive force prohibited by the Eighth Amendment. Finally, Hydro argues that he is entitled to qualified immunity because it would not have been clear to a reasonable correctional officer that his alleged use of force violated clearly established law.

Clay filed a Motion Requesting to Amend Complaint (ECF No. 39) on June 27, and he filed a "Motion of Additions/Amended Complaint" (ECF No. 42) on June 29. Neither motion attached a proposed amended pleading, as required by D. KAN. RULE 15.1(a)(2). The court therefore denied these motions without prejudice. (ECF Nos. 41, 43.)

On July 7, Clay filed the instant motion seeking to "Add and Amend the complaint with some new/extra information." (ECF No. 45.) Clay attached two exhibits to his motion: an "Affidavit/Complaint to Case # 5:19-CV-03245-SAC" containing a handwritten narrative (titled Exhibit A), and an excerpt from the Kansas Department of Corrections' Internal Management Policy and Procedure 02-118D (titled Exhibit C). (ECF No. 45-1.) The court construes Clay's motion as a request to amend his complaint to add these exhibits as attachments. (*See* ECF No. 46.) Hydro opposes Clay's motion, arguing that it is procedurally improper and that the proposed amendment is futile. (ECF No. 47.)

---

"does not have jurisdiction to hear a state law criminal prosecution and the violation of state criminal statutes is not grounds for relief in a civil action brought under § 1983." (*Id.* at 1 n.1.)

## II. DISCUSSION

### A. The Court Will Not Deny Clay's Motion as Procedurally Improper

Hydro first asks the court to deny Clay's motion for failure to comply with D. KAN. RULE 15.1(a)(2) because Clay did not attach a proposed amended pleading to his motion. Hydro correctly points out that D. KAN. RULE 15.1(a)(2) requires a plaintiff filing a motion to amend to attach a proposed amended complaint. However, the court already stated that it construes Clay's motion as a request to add Exhibits A and C as attachments to his existing complaint. (ECF No. 46.) The court will therefore not deny the motion on this basis.

### B. Amendment Under Rule 15(a)(2)

The court now turns to whether amendment should be allowed under FED. R. CIV. P. 15(a)(2). Clay's Exhibit A is a handwritten narrative containing allegations similar to those that already appear in his complaint, including that Hydro allegedly behaved aggressively when he handcuffed Clay, threw Clay to the ground, and injured Clay on October 9, 2019. (*Compare* ECF No. 45-1, at 1-2 *with* ECF No. 1, at 3-5.) Clay further alleges that Hydro and others carried him to his cell where he was left "for the rest of the day, without a hearing which interrupted [his] due process." (ECF No. 45-1, at 2.) Clay's motion attributes the decision to confine him in his cell to the "Administration." (ECF No. 45 ¶ 3, at 1.) Clay also contends that Hydro violated the Kansas Department of Corrections' Internal Management Policy and Procedure 02-118D ("IMPP 02-118D"), which governs employee conduct and contains a Code of Ethics. (ECF No. 45-1, at 3-4.) Clay's Exhibit A states that he brings his claims against Hydro in his individual capacity and notes in his motion that he had not clarified in his original complaint whether he was naming Hydro as a defendant in his individual or official capacity. (ECF No. 45 ¶ 4, at 1-2.) Clay seeks

compensatory and punitive damages of $150,000 from Hydro, the amount he already seeks in his complaint. (ECF No. 45-1, at 3; ECF No. 1, at 6.)

### 1. Legal Standard

Once a responsive pleading has been filed, a party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given when justice requires. FED. R. CIV. P. 15(a)(2). The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *SCO Grp., Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018) (internal quotation marks omitted). The court may refuse leave to amend "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (same).

Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted. *See Wilkerson*, 606 F.3d at 1267 (in the absence of such a showing, amendment should be allowed); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (stating the party opposing amendment bears the burden to show undue prejudice and that there is a presumption in favor of amendment absent such a showing "or a strong showing of any of the remaining *Foman* factors"). Whether to grant a motion to amend is within the court's sound discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

Here, Hydro argues Clay's motion should be denied because his proposed amendment, which seeks to add a new due process claim and a claim for violation of IMPP 02-118D, is futile.

A court may deny a motion to amend as futile "if the proposed amendment could not have withstood a motion to dismiss or otherwise fail[s] to state a claim." *Schepp v. Fremont Cty., Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990). When analyzing a motion to dismiss, a court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). "[D]isputes over material issues of fact cannot be resolved on a motion to dismiss . . . but must be reserved for resolution at trial by the appropriate trier." 5 ARTHUR R. MILLER ET AL., FEDERAL PRACTICE AND PROCEDURE § 1277 (3d ed. 2019).

### 2. Exhaustion

Hydro argues Clay's proposed amendment is futile because he has failed to allege that he exhausted his administrative remedies with respect to his newly proposed claims for violating his due process rights and violating IMPP 02-118D. (ECF No. 47, at 3.) The Prison Litigation Reform Act requires a prisoner to exhaust all available administrative remedies "prior to filing a lawsuit regarding prison conditions in federal court." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (citing 42 U.S.C. § 1997e(a)). "[F]ailure to exhaust is an affirmative defense," however, and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). "Because exhaustion is not a pleading requirement, the silence of an inmate's complaint on the question is not in and of itself grounds for dismissal . . . ." *Lax v. Corizon Med. Staff*, 766 F. App'x 626, 628 (10th Cir. 2019) (citing *Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)). The Tenth Circuit has cautioned that "only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not

exhausted his administrative remedies and that he is without a valid excuse." *Aquilar–Avellaveda*, 478 F.3d at 1225.

Accordingly, the mere fact that Clay fails to allege administrative exhaustion would not subject his proposed amendment to dismissal. And Hydro has not identified how the court could otherwise conclude from the face of the proposed amendment that Clay has not exhausted his administrative remedies and that he is without a valid excuse. The court will not recommend that Clay's motion be denied on this basis.

### 3.    Failure to State a Claim

Hydro also argues Clay's proposed amendment is futile because his newly proposed claims do not "articulate any violation of his constitutional rights." (ECF No. 47, at 4.) Hydro notes that it is unclear whether Clay's due process claim is directed towards Hydro or an entity that Clay refers to as the "Administration." (*Id.* at 3 n.1.) To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). When a plaintiff names a defendant in his or her individual capacity, the plaintiff must allege how that person, through their own individual actions, violated federal rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). States and entities considered arms of the state are generally immune from suit under the Eleventh Amendment. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-45 (1993).

Here, Clay alleges that Hydro and others carried him to his cell where he was left "for the rest of the day, without a hearing which interrupted [his] due process." (ECF No. 45-1, at 2.) It is unclear whether Clay contends that Hydro violated his due process rights. Clay's motion attributes

the decision to confine him in his cell to the "Administration." (ECF No. 45 ¶ 3, at 1.) To the extent that Clay attempts to bring this claim against Lansing Correctional Facility or the Kansas Department of Corrections, it is futile. The court previously dismissed Clay's claims against these entities. (*See* ECF No. 16, at 2 (stating that the state's Eleventh Amendment immunity applies to Lansing Correctional Facility and the Kansas Department of Corrections).)

But even if Clay's proposed amendment seeks to allege that Hydro violated Clay's due process rights in this way, it is still futile. Clay does not have the right to a hearing prior to being returned to his own cell "for the rest of the day." (ECF No. 45-1, at 2.) "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Inmates also do not have an inherent liberty interest in remaining in the general prison population and avoiding segregation. *See Trujillo v. Williams*, 465 F.3d 1210, 1225 (10th Cir. 2006). The due process clause may be implicated if an inmate is subject to conditions that impose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). But Clay's allegations do not rise to this level. He merely alleges that he was confined to his cell (not even disciplinary segregation) for the rest of the day, not longer. Clay in fact admits that "[h]e was not put into segregation, . . . only keyed in for a day." (ECF No. 48, at 2.) Clay's allegations that he was returned to his cell for a day do not amount to an atypical and significant hardship. *Cf. Gaines v. Stenseng*, 292 F.3d 1222, 1226 (10th Cir. 2002) ("Disciplinary segregation for some lesser period [than 75 days] could fail as a matter of law to satisfy the 'atypical and significant' requirement . . . thereby making it futile to allow the pro se plaintiff to amend his complaint.").

Clay's claim that Hydro violated IMPP 02-118D is also futile. As Hydro points out, a violation of a prison policy cannot serve as the basis for a claim under 42 U.S.C. § 1983 unless the violation also implicates federal rights. *See Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (observing that a plaintiff never sought to "explain how or why the violation of the federal *policy* . . . necessarily demonstrate[d] deliberate indifference to his *constitutional* due process rights" because it was "his burden to establish that the Constitution, not just a policy, is implicated" (emphasis in original)). Clay does not explain any way in which the alleged violation of IMPP 02-118D implicated his constitutional rights. To the extent that Clay contends Hydro violated IMPP 02-118D when he returned Clay to his cell "for the rest of the day" without a hearing, that claim fails for the reasons stated above. To the extent that Clay claims Hydro's alleged use of excessive force violated IMPP 02-118D, amendment is unnecessary because Clay's excessive force claim already appears in his original complaint.

### 4. Individual Capacity

Hydro does not address Clay's argument that amendment is necessary to clarify that Clay is suing Hydro in his individual capacity. (*See* ECF No. 45 ¶ 4, at 1-2.) Clay's complaint is silent as to whether Hydro is named in his official capacity, individual capacity, or both. When a pro se plaintiff pursuing claims under 42 U.S.C. § 1983 fails to specify whether a defendant is named in an official or individual capacity, however, the court will give the plaintiff the benefit of the doubt and construe the complaint to assert claims against the defendant in both capacities. *Hull v. State of N.M. Tax'n & Revenue Dep't's Motor Vehicle Div.*, 179 F. App'x 445, 447 (10th Cir. 2006); *see also Young v. McKune*, 280 F. Supp. 2d 1250, 1256 (D. Kan. 2003) (addressing immunities applicable to defendants in both their official and individual capacities where it was unclear in

which capacity they were sued), *aff'd*, 85 F. App'x 723 (10th Cir. 2004). Hydro's pending dispositive motion implicitly recognizes this, as it includes arguments relating to both official and individual capacity claims. (*See* ECF No. 29, at 8-16.) Because Clay's claims against Hydro in his individual capacity are already fairly within the case, Clay's proposed amendment to add an individual capacity claim is unnecessary.

### III.     CONCLUSION

Clay's proposed due process claim would be subject to dismissal. Clay's proposed claim for violation of IMPP 02-118D would also either be subject to dismissal or is already subsumed within his existing excessive force claim. And, it is unnecessary for Clay to clarify that he is suing Hydro in his individual capacity because that claim is already fairly within the case. Because Clay's proposed amendment is futile (or unnecessary) for the reasons discussed above, the undersigned recommends that Clay's motion be denied.

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(2), and D. KAN. RULE 72.1.4(b), the court informs plaintiff that he may file specific written objections to this report and recommendation within fourteen days after being served with a copy. If plaintiff fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that plaintiff Criss McEldridge Clay's second "Motion of Additions/Amended Complaint" (ECF No. 45) be denied.

**IT IS SO ORDERED.**

Dated July 31, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge